[This opinion has been published in *Ohio Official Reports* at 90 Ohio St.3d 248.]

DARKE COUNTY BAR ASSOCIATION *v*. BRUMBAUGH.

[Cite as *Darke Cty. Bar Assn. v. Brumbaugh*, 2000-Ohio-59.]

*Attorneys at law—Misconduct—Two-year suspension with entire suspension stayed on conditions—Neglect of an entrusted legal matter.*

(No. 00-759—Submitted July 6, 2000 —Decided October 25, 2000.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 99-53.

_____

{¶ 1} On January 20, 2000, relator, Darke County Bar Association, filed an amended complaint charging respondent, Philip J. Brumbaugh of Greenville, Ohio, Attorney Registration No. 0022652, in two separate counts with violating the Code of Professional Responsibility. After respondent answered, the matter was referred to a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board").

{¶ 2} The panel found that in March 1998, Tina Marie McCreery employed respondent to effect a dissolution of her marriage and establish parental rights with respect to her children. McCreery paid respondent $510 for his fee and court costs. Respondent prepared the necessary documents, which McCreery and her husband signed in April 1998. He then advised the McCreerys that a hearing would be held in their case on a certain Friday in June 1998. When the McCreerys appeared on the appointed date, court personnel informed them that there was no record of the filing of their petition. The parties stipulated that although McCreery contacted respondent's office several times between April 1998 and January 1999 to find out the date of the hearing on her petition for dissolution, she was never told that the documents had not yet been filed. In January 1999, McCreery filed a grievance about respondent with relator. In February 1999, respondent filed the dissolution

papers and returned $350 to McCreery, that being the legal fee portion of the money McCreery had paid to him. The parties stipulated that the court held the final hearing on the McCreery dissolution matter in March 1999.

{¶ 3} The panel also found that after obtaining a divorce in late 1997, Deborah L. Edwards retained respondent to file a motion for contempt against her former spouse for failure to abide by the terms of the separation agreement. Between March 1998 and May 1999, Edwards had numerous contacts with respondent, who led her to believe that the motion for contempt had been filed. Respondent even advised Edwards that a hearing on the motion had been scheduled in June 1998 and then that the hearing had been postponed. Respondent finally filed the appropriate papers in March 1999 and the court held a hearing on the matter in June 1999. As a result of the hearing, respondent was to prepare a journal entry within thirty days. Respondent did not prepare the entry.

{¶ 4} The panel concluded that respondent's conduct in the McCreery matter and in the Edwards matter constituted two separate violations of DR 6-101(A)(3) (a lawyer shall not neglect an entrusted legal matter). In mitigation, the panel noted respondent's considerable contributions to the community and the fact that he had been diagnosed with major depression, for which he has sought treatment. The panel then considered the fact that respondent had previously been disciplined by this court. *Darke Cty. Bar Assn. v. Brumbaugh* (1992), 65 Ohio St.3d 151, 602 N.E.2d 606. It recommended that respondent be suspended from the practice of law for two years, with the suspension stayed on condition that respondent continue his treatment for major depression and that the attending physician report every three months to the relator, indicating respondent's progress and need, if any, for further treatment. The panel further specified that the stay will be revoked if, during the two-year suspension period, any complaint is filed against respondent that passes probable cause review by relator.

**{¶ 5}** The board adopted the findings, conclusions, and recommendation of the panel.

————————————

*Jeffrey L. Amick* and *Eric H. Brand,* for relator.

*William R. Zimmerman,* for respondent.

————————————

***Per Curiam.***

**{¶ 6}** We adopt the findings, conclusions, and recommendation of the board. Respondent is hereby suspended from the practice of law in Ohio for two years, with the entire two-year suspension stayed, provided that respondent continue his treatment for major depression and that the attending physician report every three months to the relator, indicating respondent's progress and need, if any, for further treatment. Furthermore, the suspension is stayed on the condition that during the two-year suspension period, no complaint is filed against respondent that passes probable cause review by relator. Costs of these proceedings are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————